H. MACFARLANE and F. M. HATCH, Assignees in Bankruptcy of Thomas Spencer, *vs.* THOMAS SPENCER *et al.*

### EQUITY APPEALS.

DECISION RENDERED DECEMBER 12, 1881.  NOT HITHERTO
REPORTED.

JUDD, C.J., McCULLY AND AUSTIN, JJ.

When assignees in bankruptcy seek in Equity to recover real estate, fraudulently put by the bankrupt in the name of another person, the bankrupt is properly made a party to the bill.

An infant defendant may be declared to hold as trustee.

Section 986 of the Civil Code, providing for the examination of a bankrupt, does not answer the purposes and does not take the place of a bill of discovery.

### DECISION OF JUDD, J., APPEALED FROM.

These are bills in Equity by the Assignees in bankruptcy of Thomas Spencer, praying among other things that an infant, Thomas Spencer, Jr., may be declared to hold as Trustee for Thomas Spencer certain lands situate on the Island of Hawaii, alleging that the lands are in fact the property of Thomas Spencer, and that the title was put in the name of Thomas Spencer, Jr., for the purpose of defrauding his creditors. The

first bill also prays for a discovery upon a series of interrogatories, and of certain unrecorded instruments.

Both these bills are demurred to by Thomas Spencer on the grounds that no relief or discovery can be granted, because it appears by the bill that the respondent, Thomas Spencer, is a bankrupt, and it is further suggested that so far as the prayer for discovery is concerned the first bill is superfluous, because by Section 986 of the Civil Code the assignees in bankruptcy have the power to examine the bankrupt under oath touching his property, etc. And that there are no words making Thomas Spencer, Jr. a party. And that no decree can be made against the infant till he is of age.

### BY THE COURT.

I think it was proper to make Thomas Spencer a party to these bills, although he is a bankrupt. All who are sought to be affected must be made parties so that the Court can make a competent decree. If a bill be brought by a third person against the assignees in a matter touching his estate, to join the bankrupt would ordinarily be demurrable, because in such case his interest is transferred to his assignees and they represent him.

These bills allege the legal title in these lands to be now in Thomas Spencer, Jr., not in the bankrupt, and so the title does not pass to the assignees, and the object of these bills is to ascertain whether these conveyances were made in fraud of Thomas Spencer's creditors, whom these plaintiffs now represent, and whose interests are hostile to those of the bankrupt himself.

In this view Thomas Spencer should be a party. I do not think that the right to examine the bankrupt conferred by Section 986 would at all take the place of the discovery prayed for. As I have said, the object of these bills is. that the Court in Equity may decree, provided certain alleged facts are established, that such a title under such circumstances is a fraud upon the bankrupt's creditors, and that the holder of it is a trustee for their benefit.

It also seems to me that Thomas Spencer, junior, is properly made a party defendant. There is a prayer that Thomas

Spencer individually, and as "guardian of said Thomas Spencer, junior," be summoned to appear and answer this complaint. Service upon the Probate Guardian is sufficient service, but when it appears that the interests of the infant and of the Probate Guardian are in conflict, then the Court will appoint a guardian *ad litem.* 12 Mass., 16, and 101 Mass., 60. This is not ground of demurrer.

As to the question raised by respondent's brief, that no decree can be made against the infant in this case until he becomes of age, this is premature, for in certain circumstances, where the infant is decreed to be a trustee, a decree will bind him. See *Walsh vs. Walsh,* 116 Mass., 377, and *Elliot vs. Horn,* Ewell's Leading Cases, pp. 75 and 235–8.

Demurrer overruled. On nomination I will appoint a guardian *ad litem* for Thomas Spencer, junior.

OPINION OF THE FULL COURT, BY McCULLY, J.

Referring for the statement of the substance of the bills and the points of demurrer to the decision of Mr. Justice Judd, from which appeal is taken to the Court in Banco, we have only to express our concurrence therein, with some further observations to the same effect.

The provision of Section 980, that "from the time any person entitled to the benefit of this law has declared himself a bankrupt, or from the filing of any petition by any creditor or creditors to have him declared a bankrupt, all civil suits depending against him shall be suspended," is necessary to carry out the purposes of a bankruptcy statute, by the operation of which all the bankrupt's property is in the custody of assignees to be applied rateably to the payment of the claims of all his creditors. His assignees may be sued and must pay rateably on judgment made against them, and therefore the bankrupt may not be sued by a creditor.

To apply this statute to a bill in Equity wherein the assignees charge their bankrupt with fraudulently holding certain real estate in the name of another person, and seek for discovery and relief from the several parties concerned, would be to make a

literal application apart from and at variance with the true reason thereof, and without reason to support it.

Upon the facts averred there is real estate which belongs to the creditors' fund, but which cannot be taken by the assignees. Who is to bring action for it? Certainly no creditor, and no one but the assignees representing all the creditors. Who must be made parties? Certainly must be included the person who is alleged to have placed the title in the name of a third person in fraud of his creditors. He is a necessary party so far as it is a bill of discovery, and he has an interest if the land is held for him in trust, as the bill claims, and for this reason too must be made a party.

The provision of Section 986, that the justice shall have power to examine the bankrupt under oath touching his estate, his property and rights of property, does not by any terms exclude the right to bring a bill in equity, nor is it the "plain adequate and complete remedy at the common law" which forbids resort to equity. This is in part a bill for discovery against sundry parties, including the bankrupt. The examination pursuant to Section 986 could not afford the relief here prayed for, nor adjust the rights of all parties concerned. It is a provision which might in some cases accomplish a discovery which must without it have been sought by a bill, but a discovery only would not in the case at bar be sufficient for the business of the assignees.

In the argument before us a point was made which was not presented before the Justice, and therefore not covered by his decision, viz., that the bill is demurrable because it fails to aver that Thomas Spencer was insolvent in 1865, when he bought the land in the name of C. N. Spencer.

But the bill avers that the land was Thos. Spencer's in the trust of C. N. Spencer till in 1870, when Thos. Spencer transferred the trust by a power irrevocable from C. N. Spencer to another trustee, viz., Thos. Spencer, Jr., and that at that date Thos. Spencer was insolvent, which is a sufficient averment for the purposes of the bill.

Demurrer overruled.

*Castle and Hatch*, for plaintiffs.

*A. S. Hartwell*, for defendants.